IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (DUBUQUE) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. CR 22-1010-CJW |
| | ) | |
| vs. | ) | |
| | ) | |
| BRADLEY SCHLOTFELDT, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESISTANCE TO DEFENDANT'S SENTENCING
MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE**

The United States resists defendant's motion for a downward variance to a
sentence of probation as set out in defendant's sentencing memorandum. (Docket
#19).

**I.     FACTUAL STATEMENT**

Between 2002 and May 2017, defendant was employed by a financial
institution (hereafter "victim bank"). (PSR ¶49). Defendant served as a Vice
President and lending officer for the victim bank's location in Waterloo, Iowa. (PSR
¶5). In that role, defendant made a false statement to the victim bank regarding a
"Young Farmer" loan in that defendant completed and submitted to the victim bank
a loan application indicating a particular individual was operating a farm when
defendant knew the individual was not and had never done so. (PSR ¶7). As a
result, the victim bank loaned money to the individual, who eventually transferred
the money to a different individual who did not use the money to farm or to pay off

1

debt he had to the victim bank.  (PSR ¶8).  The victim bank eventually lost $575,218 on the "Young Farmer" loan.  (PSR ¶8).

After discovering defendant had submitted a false document for the "Young Farmer" loan, victim bank fired defendant, reviewed other loans he was associated with, and discovered 13 other loans in which defendant falsified documents or violated bank policy.  (PSR ¶10).  Defendant did so in a variety of ways, including, but not limited to, making it appear someone had signed a document when they had not, altering numbers to avoid greater scrutiny, and bypassing his direct supervisor who was more likely to recognize false numbers.  (PSR ¶10).  The victim bank lost money on some of these 13 other loans.  (PSR ¶11, 13-15).  In total, victim bank lost $6,738,290.35.  (PSR ¶21; Exhibit 1 ¶1).

## II.   THE COURT SHOULD DENY DEFENDANT'S MOTION FOR A DOWNWARD VARIANCE TO PROBATION AND IMPOSE A SENTENCE CONTAINING AN APPROPRIATE TERM OF IMPRISONMENT

Defendant's advisory guidelines range of imprisonment is 51 to 63 months. (PSR ¶55; Exhibit 1 ¶1).  Defendant has requested the Court vary downward under the statutory sentencing factors and impose a sentence of probation.  (Docket #19). For the following reasons, the Court should deny defendant's request for a sentence of probation and impose a sentence under the statutory sentencing factors that includes a sentence of imprisonment.

First, defendant is statutorily ineligible for probation.  In this case, defendant was convicted of violating 18 U.S.C. § 1014.  (PSR ¶1).  A violation of this section is punishable by up to 30 years in prison.  (PSR ¶1; 18 U.S.C. 1014).  Because it is an

2

offense punishable by twenty-five years or more in prison, a violation of 18 U.S.C. § 1014 is a Class B felony. (PSR ¶59; 18 U.S.C. § 3559(a)(2)). An individual defendant convicted of a Class B felony is not eligible for probation. (PSR ¶59; 18 U.S.C. § 3561(a)(1)). Therefore, the Court should deny defendant's downward variance motion for a sentence of probation because defendant is not statutorily eligible for probation.

Second, even if defendant were eligible for probation, a sentence that includes a significant sentence of imprisonment would be warranted under the statutory sentencing factors due to the aggravating factors.

First, while much of defendant's history and characteristics is mitigating, the most aggravating factor from defendant's history and characteristics is that he was employed, at a very good salary, by the victim bank for 15 years, yet he chose to lie to and take actions to deceive his employer regarding multiple loans worth millions of dollars. Defendant, for whatever motivation he may now claim or may have actually had at the time, chose his own priorities over that of the 15-year employer to which he owed a duty of loyalty and competence. In other words, defendant substituted his own decision-making process and beliefs as to who should get loans, how much they should get, and how much risk the victim bank should incur rather than providing honest information to the victim bank so that the bank could make those decisions using the policies, rules, and practices the bank believes is important. Defendant betrayed his employer because he decided he knew better than the employer that provided him a good living for over a decade.

3

Second, a sentence of imprisonment is necessary to reflect the seriousness of the offense. Defendant's offense is serious. Banks require accurate and complete information in order to make informed decisions about providing loans and how risky those loans will be. Defendant's offense undercut his victim bank's ability to make informed decisions. This resulted in the bank making loans it otherwise would not have made and resulted in the bank suffering losses. Behavior such as defendant's can put individual banks in danger and can undermine the entire banking system and trust in the banking system. Therefore, defendant's offense was serious.

Third, a sentence of imprisonment is necessary to adequately deter criminal conduct. There are thousands of bank Vice Presidents and lending officers across the country and probably hundreds in Iowa alone. A probationary sentence or a token amount of incarceration in this case would send the message that a bank employee can substitute his judgment, lie to his bank, and cause millions of dollars in loss and suffer relatively minor consequences as a result. Instead, the Court should impose a sentence of imprisonment that is enough, but not more than necessary, to send the message that this behavior has consequences that are serious and onerous. By doing so, the sentence imposed will adequately deter those similarly situated to defendant at the time of his offense from committing similar offenses.

Fourth, two of the remaining statutory factors favor a significant sentence of imprisonment. Regarding the kinds of sentences available, as noted above,

4

probation is not available.  A fine is available in this case and the PSR, without objection, indicates defendant has the ability to pay a fine and defendant has a net worth of over $260,000.  (PSR ¶¶ 52-53).  However, the Court may choose to prioritize restitution in this case and impose no or a small fine; therefore, a fine alone will not satisfy the goals of sentencing.[1]  Instead, incarceration is the available sentence that can best be tailored to provide a sentence no greater than necessary to accomplish the goals of sentencing.  Furthermore, the sentencing guidelines in this case support a sentence that includes significant incarceration because defendant's guidelines range is 51 to 63 months' imprisonment.

## III.  CONCLUSION

For the reasons stated above, the government resists defendant's motion for a downward variance to a sentence of probation.  The government requests a sentence that is no greater than necessary to accomplish the goals of sentencing that includes

---

[1] Defendant contends he does not have the ability to pay a fine because of the likely restitution order.  (Docket #19 at 5).  Defendant argues that the restitution constitutes a fine in this case because he did not personally benefit from the criminal conduct and will have to pay restitution from his own net worth.  (Docket #19 at 5).

5

an appropriate term of imprisonment, a term of supervised release to follow, and an order for defendant to pay $3,000,000 in restitution to the victim bank.

Respectfully submitted,

TIMOTHY T. DUAX
United States Attorney

By, */s/ Anthony Morfitt*

ANTHONY MORFITT
Assistant United States Attorney
111 7th Avenue SE, Box 1
Cedar Rapids, IA 52401-2101
(319) 363-6333
(319) 363-1990 (Fax)
tony.morfitt@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on October 13, 2022.

UNITED STATES ATTORNEY

BY:  /s/ TVM

COPIES TO: William Smith
US Probation